PROB 12C
(7/93)

Report Date: May 9, 2013

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**MAY 13 2013**

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Jose Orozco-Chavez          Case Number: 2:13CR02065-001

Address of Offender:                    Yakima, WA  98901

Name of Sentencing Judicial Officer:  The Honorable William Q. Hayes, U.S. District Judge

Date of Original Sentence: 3/19/2012

Original Offense:     Importation of Marijuana, 21 U.S.C. §§ 952 and 960

Original Sentence:    Prison - 151 Days          Type of Supervision:  Supervised Release
                      TSR - 36 Months

Asst. U.S. Attorney:  Shawn N. Anderson          Date Supervision Commenced:  3/19/2012

Defense Attorney:     TBD                         Date Supervision Expires:  3/18/2015

---

### PETITIONING THE COURT

**To issue a summons.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #15**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: Mr. Orozco-Chavez provided a urine sample that tested presumptive positive for THC on January 30, 2013, and was confirmed positive for cannabinoids by a laboratory on February 4, 2013. Mr. Orozco-Chavez admitted to this officer, he has been smoking marijuana almost daily, since about December 2012.

Over the course of the next several months, Mr. Orozco-Chavez provided the following urine samples that were positive for illegal drugs and made the noted admission:

February 12, 2013, presumptive positive for THC, confirmed positive for cannabinoids by the laboratory on February 25, 2013; and February 14, 2013, presumptive positive for THC, confirmed positive for cannabinoids by the laboratory on February 25, 2013.

Mr. Orozco-Chavez signed an admission form on March 5, 2013, admitting he smoked marijuana on February 16, 23, and on March 4, 2013.

Prob12C
**Re: Orozco-Chavez, Jose**
**May 9, 2013**
**Page 2**

Mr. Orozco-Chavez missed his urine testing on March 21, 2013, and was directed to make up the test on March 22, 2013. The urine sample on March 22, 2013, was presumptive positive for THC and confirmed positive for cannabinoids by the laboratory on April 4, 2013.

During a home visit on April 25, 2013, Mr. Orozco-Chavez admitted to this officer he smoked marijuana just prior to my arrival. Shortly after this admission, he provided a urine sample, which tested presumptive positive for THC. Mr. Orozco-Chavez signed an admission form at the contractor's office confirming his use of marijuana, therefore, the sample was not sent for further analysis.

On May 6, 2013, Mr. Orozco-Chavez met with this officer and admitted he smoked marijuana earlier in the day. He signed an admission form, confirming this disclosure.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  05/09/2013

s/Stephen Krous

Stephen Krous
U.S. Probation Officer

---

## THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[ ✔ ]  The Issuance of a Summons
[ ]  Other

Signature of Judicial Officer

May 13, 2013

Date

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 13 2013

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON
### PROBATION OFFICE

**SCOTT M. MORSE, SR.**

CHIEF PROBATION OFFICER
U.S. COURTHOUSE
920 W Riverside, Room 540
PO BOX 306
SPOKANE, WA 99210-0306
(509) 742-6300 / fax (509) 742-6339

May 9, 2013

BRANCH OFFICES

FEDERAL BUILDING
25 S. 3rd Street, Room 326
PO BOX 1791
YAKIMA, WA 98907-1791
(509) 574-5535 / fax (509) 574-5539

FEDERAL BUILDING
825 Jadwin Ave, Suite 170
RICHLAND, WA 99352
(509) 943-8130 / fax (509) 943-8139

REPLY TO  Yakima

The Honorable Robert H. Whaley
Senior U.S. District Judge
Eastern District of Washington
P.O. Box 283
Spokane, WA 99210



RE:  Orozco-Chavez, Jose
Dkt. No. 2:13CR02065-001
Custody Status: Continues Under Supervision
Violation Report #1

Dear Judge Whaley:

Attached for the Court's review is a petition for action on the above-captioned defendant. The circumstances of the alleged noncompliant behavior are reported therein.

**Compliance with Supervision Conditions:**

Mr. Orozco-Chavez has been struggling since his release from custody. He has had multiple jobs and has either been laid off or has quit for a variety of reasons. He began using marijuana on or about December 2012. He has attempted to stop using marijuana on his own without avail. He has agreed to obtain an evaluation and successfully complete any recommended treatment.

**Offender Characteristics:**

Mr. Orozco-Chavez began supervision voicing a strong desire to remain law-abiding, clean and sober, and gainfully employed. He has held multiple jobs, but has not been able to maintain most of them for a variety of reasons. He is currently employed at a local warehouse. He began a general equivalency diploma (GED) program in April 2012, through Opportunities Industrialization Center. This program also gave him an opportunity to learn the construction trade. He was unable or unwilling to attend the daily session, leading to his

dismissal from the program. According to his teacher, Mr. Orozco-Chavez seems to have significant learning disabilities, which may impede his ability to obtain his GED. Mr. Orozco-Chavez has been in a committed relationship for many months. The couple had a baby approximately a month ago. The defendant resides with his mother, siblings, girlfriend, and child.

On January 30, 2013, Mr. Orozco-Chavez signed a modification of his conditions to undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. He agreed to contribute to the cost of treatment according to his ability to pay. He agreed to allow for full reciprocal disclosure between the supervising officer and treatment provider. He agreed to abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than six times per month, in order to confirm continued abstinence from these substance. He also agreed to abstain from alcohol and shall submit to testing (including urinalysis and Breathalyzer), as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from this substance. The modification was sent to the Southern District of California for approval, as they held jurisdiction of the case at that time. The case was transferred to the Eastern District of Washington on April 29, 2013, leading to this action.

**Statutory and Guideline Provisions:**

Pursuant to 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than 1 year in any other case.

Pursuant to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release less any term of imprisonment that was imposed upon revocation of supervised release.

As a cost-containment measure, in March 2004, the Judicial Conference endorsed a non-binding policy that substantially restrains enhanced sentencing authority. This policy was incorporated in our agency's Monograph 109, *The Supervision of Federal Offenders:*

Re: Orozco-Chavez, Jose
May 9, 2013
Page 3

*Although it is statutorily permissible to impose a new term of supervised release in most post-April 30, 2003, cases, officers should ordinarily recommend a new supervised release sentence only when the prison time imposed for the current violation, plus any prison time imposed for a prior revocation(s) of this term of supervised release, is less than the maximum prison term set forth at 18 § 3583(e)(3).*

If revoked, the following options are available for sentencing:

**Original Criminal History Category:**    **II**
**Grade of Violation:**    **C**
**Class of Offense:**    **Class D Felony**

|  | Statutory Provisions | Guideline Provisions |
|---|---|---|
| **CUSTODY:** | Not more than 2 years | 4-10 months |
| **SUPERVISED RELEASE:** | 36 months minus custody imposed | 36 months minus custody imposed |

It is respectfully recommended that the Court issue a summons requiring Jose Orozco-Chavez to appear to answer to the allegations in the attached petition.

Respectfully submitted,

Scott M. Morse, Sr.
Chief U. S. Probation Officer

By:    s/Stephen Krous      05/09/2013
        Stephen Krous          Date
        U. S. Probation Officer

APPROVED BY:

s/Rebecca M. Nichols      05/09/2013
Rebecca M. Nichols        Date
Supervising U.S. Probation Officer

SK:lh

c:    Shawn Anderson, AUSA
     Fed. Def.